[Civ. No. 68956. Second Dist., Div. Seven. Jan. 5, 1984.]

MELVIN J. GUTHMAN et al., Plaintiffs and Appellants, v.
MURRAY MOSS et al., Defendants and Respondents.

504

---

COUNSEL

Albert, Ellis & Eppinga and Thomas P. Laffey for Plaintiffs and Appellants.

Milton B. Miller for Defendants and Respondents.

---

OPINION

THOMPSON, J.—In this case we are called upon to determine whether a clause in which a buyer of residential real property agrees to pay liquidated damages is unenforceable as a matter of law when the clause is not separately signed or initialed by buyer and seller pursuant to California Civil Code[1] section 1677.

---

[1]Unless otherwise stated, all statutory references are to the Civil Code.

While the Legislature has not provided any express guidelines for the enforceability of a clause which fails to meet the formal requirements in that section, we hold that the Legislature did not intend such clauses to be rendered unenforceable as a matter of law. We further hold that section 1677 was enacted solely for the protection of the buyer and therefore a clause which fails to meet the statutory formalities is voidable only at the buyer's option.

## Facts

The stipulated facts establish that in March 1981, sellers and buyers executed escrow instructions for the purchase of sellers' residence for the sum of $800,000. Thereafter, amendments to the escrow instructions were proposed. Among the clauses contained in the amendments was one for liquidated damages. This clause was prepared and included at sellers' request. It provided: "In the event one party fails to close escrow, through their default, the other party, if ready and able to perform, shall be entitled to liquidated damages in the amount of $24,000.00"

This liquidated damages provision was read over the telephone to buyers' attorney who approved it. Thereafter, on April 10, 1981, the escrow instructions and the amendments thereto were executed by the parties. However, the liquidated damages clause was not separately signed or initialed by any of the parties. But the clause appears on the same page in close proximity to the parties' signatures. All parties knew the clause was in the amendments and intended for it to be included in the escrow instructions.

Buyers failed to close escrow and thereafter sellers filed suit in August 1981. Later the seller sold the property to others in December 1981 for $735,000 which was $65,000 less than the contract price. Buyers deposited $25,000 into escrow in March 1982 and defended the lawsuit on the grounds that the liquidated damages clause limited sellers' recovery to $24,000.

Sellers filed a motion to have the liquidated damages clause adjudicated invalid. The trial court, however, found the clause valid. Thereafter, the parties stipulated to summary judgment in favor of sellers for $24,000, without sellers waiving their right to attack the validity of the liquidated damages clause. Sellers appealed from the summary judgment which limited their recovery to $24,000.

## Discussion

Sellers contend that the liquidated damages clause was unenforceable as a matter of law. They argue that a clause which fails to meet section 1677's requirements is void.

California's Liquidated Damages Law is embodied in title 4.5. While the general rule is stated in section 1671,[2] companion section 1675 et seq. specifically govern buyers' default in real property contracts. Relevant provisions in section 1675 provide: "(b) A provision in a contract to purchase and sell residential property which provides that all or any part of a payment made by the buyer shall constitute liquidated damages to the seller upon the buyer's failure to complete the purchase of the property is valid to the extent that payment in the form of cash or check, including a postdated check, is actually made if the provision satisfies the requirements of Sections 1677 and 1678 and of subdivision (c) or (d) of this section.

"(c) If the amount actually paid pursuant to the liquidated damages provision does not exceed 3 percent of the purchase price, *the provision is valid* to the extent that payment is actually made *unless the buyer establishes* that such amount is unreasonable as liquidated damages.

"(d) If the amount actually paid pursuant to the liquidated damages provision exceeds 3 percent of the purchase price, *the provision is invalid unless the party* seeking to uphold the provision *establishes* that the amount actually paid is reasonable as liquidated damages." (Italics added.)

Section 1677, which is incorporated in section 1675, provides: "A provision in a contract to purchase and sell real property liquidating the damages to the seller if the buyer fails to complete the purchase of the property is *invalid unless:*

"(a) *The provision is separately signed or initialed by each party to the contract;* and

---

[2]Section 1671 provides: "(a) This section does not apply in any case where another statute expressly applicable to the contract prescribes the rules or standard for determining the validity of a provision in the contract liquidating the damages for the breach of the contract.

"(b) Except as provided in subdivision (c), a provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made.

"(c) The validity of a liquidated damages provision shall be determined under subdivision (d) and not under subdivision (b) where the liquidated damages are sought to be recovered from either:

(1) A party to a contract for the retail purchase, or rental, by such party of personal property or services, primarily for the party's personal, family, or household purposes; or

"(2) A party to a lease of real property for use as a dwelling by the party or those dependent upon the party for support.

"(d) In the cases described in subdivision (c), a provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

"(b) If the provision is included in a printed contract, it is set out either in at least 10-point bold type or in contrasting red print in at least eight-point bold type." (Italics added.)

While the enforceability of a liquidated damages provision where a buyer defaults is governed by sections 1675 and 1677, the enforceability of such a provision where a seller defaults in a real estate contract is governed by section 1671. In fact, section 1679 expressly provides: "This chapter [sections 1675 et seq.] applies only to a provision for liquidated damages to the seller if the buyer fails to complete the purchase of real property. The validity of any other provision for liquidated damages in a contract to purchase and sell real property shall be determined under Section 1671."

In order to follow the Legislature's distinction between (1) liquidated damages for the real estate buyer's default and (2) all other liquidated damages clauses, including a real estate seller's default, we must segment the contract term at issue here. That contract provision reads: "In the event one party fails to close escrow, through their default, the other party, if ready and able to perform, shall be entitled to liquidated damages in the amount of $24,000." This clause must be viewed as two separate provisions, with each provision being covered by a different section of the code. This clause then reads: (1) if buyer defaults, seller shall be entitled to $24,000 liquidated damages, and (2) if seller defaults, buyer is entitled to $24,000 liquidated damages. Here, we are only concerned with the enforceability of the former.

### *The Clause Was Voidable and Not Void*

Sellers contend that failure of either the buyers or sellers to sign or initial the clause rendered it void and therefore unenforceable against either party. A void contract is no contract at all; it binds no one and is a mere nullity. (*Progressive etc. Bureau* v. *Whealton* (1944) 62 Cal.App.2d 873, 876 [145 Cal.Rptr. 912].) Consequently, such a contract cannot be enforced. (*McClure* v. *Cerati* (1948) 86 Cal.App.2d 74, 85 [194 P.2d 46].) However, section 1677 states that a liquidated damages clause which fails to meet the requirements is "invalid," not "void." Therefore, we must determine the meaning of the word "invalid" as used in section 1677.

Where a word of common usage has more than one meaning, the court should adopt the one which will best attain the purposes of the Legislature, keeping in mind the objectives sought to be achieved as well as the evil to be prevented. (*People* ex rel. *S.F. Bay etc. Com.* v. *Town of Emeryville* (1968) 69 Cal.2d 533, 543 [72 Cal.Rptr. 790, 446 P.2d 790].)

■ Because section 1677 provides no express language indicating a definition for the term "invalid," we must use interpretive aids to determine its meaning.

The statutory scheme of which section 1677 is a part is useful in determining what the Legislature meant by "invalid." Section 1675, which contains substantive requirements and was enacted simultaneously with section 1677, uses the term "invalid" and provides an interpretation of it. ■ Thus, the legislative intent of this term may be ascertained from the entire statutory scheme in which it was enacted. (*Clean Air Constituency* v. *California State Air Resources Bd.* (1974) 11 Cal.3d 801, 814 [114 Cal.Rptr. 577, 523 P.2d 617].)

Section 1675, subdivision (d), declares that a provision is "invalid" if the amount exceeds 3 percent of the purchase price. More importantly, however, the statute provides that a party *may* seek to uphold the clause and *may* establish that the amount was reasonable as liquidated damages. ■ In addition to this, "[e]xplanatory comments by a [L]aw [R]evision [C]ommission are persuasive evidence of the intent of the Legislature in subsequently enacting its recommendations into law." (*Brian W.* v. *Superior Court* (1978) 20 Cal.3d 618, 623 [143 Cal.Rptr. 717, 574 P.2d 788].) Here, the Law Revision Commission's comment specifically states that "a buyer may seek to uphold a liquidated damages provision . . . in the absence of a valid provision." (Cal. Law Revision. Com. com., § 1675.)

■ Hence, the Legislature did not intend for failure to comply with the substantive requirements of section 1675 to render a clause void but merely voidable. It can therefore be rationally inferred that the Legislature intended the same meaning to attach to the word "invalid" as used in the formal requirements of section 1677 as it is incorporated in section 1675, subdivision (b). ■ "It is well-settled that statutes that '. . . are in *pari-materia* . . . must be construed together. Accordingly, there being no contrary intention expressed by the Legislature, . . . [a word common to two such statutes] must be given the same meaning in each enactment. . . .' " (*Estate of Downing* (1982) 134 Cal.App.3d 256, 265 [184 Cal.Rptr. 511].) (Italics in original.)

■ Additionally, in section 1671, subdivision (d), the Legislature used the word "void" to apply to clauses made in contravention of its requirements. Sections 1671 and 1675 et seq. were enacted (as tit. 4.5) and chaptered together (ch. 1 and 2, respectively) on the same day as a part of the same bill. (Stats. 1977, ch. 198.) The Legislature did not repeat "void" in section 1677 or any of the other sections of chapter 2. ■ "In the absence of compelling countervailing considerations, we must assume that the Leg-

islature 'knew what it was saying and meant what it said.' [Citation.]" (*Tracy* v. *Municipal Court* (1978) 22 Cal.3d 760, 764 [150 Cal.Rptr. 785, 587 P.2d 227].) Furthermore, "[e]ach of the quoted words [in a statute] must be presumed to have been used intelligently and designedly and for an express purpose by the Legislature." (*Chavez* v. *Sargent* (1959) 52 Cal.2d 162, 205 [339 P.2d 801].) Because the Legislature used "void" in one section and "invalid" in other sections, it can be presumed that the Legislature did so advertently and intended different meanings to attach to the words. (*Anthony* v. *Superior Court* (1980) 109 Cal.App.3d 346, 355 [167 Cal.Rptr. 246].)

California's common law definitional approach is also helpful in interpreting the term "invalid." ■ "The meaning of the language of the statute can appear either on [its face] or from any 'established . . . common law meaning.' [Citation.]" (*People* v. *Mirmirani* (1981) 30 Cal.3d 375, 384 [178 Cal.Rptr. 792, 636 P.2d 1130], per Bird, C. J., with two justices concurring and one justice specially concurring.)

California's statute of frauds indicates that specific types of contracts which fail to meet statutory requirements are invalid.[3] California's Supreme Court long ago recognized that "[i]t is the general rule . . . that a contract falling within the operation of the statute, but made in contravention thereof, is not invalid in the sense that it is void. It is merely voidable." (*O'Brien* v. *O'Brien* (1925) 197 Cal. 577, 586 [241 P. 861].)

Similarly, in *Estate of Reardon* (1966) 243 Cal.App.2d 221, 229 [52 Cal.Rptr. 68], the court held: "The word[] . . . 'invalid,' when appearing in statutes which are not for the benefit of the public at large, [is] regarded as equivalent to 'voidable' where none other than a particular person or class of persons is the object of the statutory protection." Thus, the idea that invalid may mean voidable only is not novel to California law. ■ And, when legislation has been applied in judicial decisions and then a subsequent statute on an analogous subject employs identical language, it is presumed that the Legislature intended the language be given a like interpretation in applying the new enactment. (*Nishikawa Farms, Inc.* v. *Mahony* (1977) 66 Cal.App.3d 781, 787 [136 Cal.Rptr. 233].)

■ Therefore, based on the obvious legislative intent and judicial interpretation of the term "invalid," we hold that "invalid" was used in section 1677 to mean "voidable" and not "void." ■ " '[A] voidable contract

---

[3]Section 1624 provides in pertinent part: "The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged . . . ."

is one which may be rendered null at the option of one of the parties, *but it is not void until so rendered.*'" (*Myrick* v. *O'Neill* (1939) 33 Cal.App.2d 644, 648 [92 P.2d 651], citing *Depner* v. *Joseph Zukin Blouses* (1936) 13 Cal.App.2d 124, 127 [56 P.2d 574].) (Italics in original.)

*Section 1675 et seq. Were Designed Solely for the Protection of the Buyer*

 Available legislative history leaves little doubt that the purpose of enacting section 1675 et seq. was to protect buyers who fail to complete the purchase of real property and not sellers.

Section 1675 et seq. became effective July 1, 1978. (Stats. 1977, ch. 198, § 7, p. 719.) These statutes were enacted in conjunction with a major legislative alteration of California's Liquidated Damages Law. Before 1978, former sections 1670,[4] and 1671[5] governed liquidated damages. Under these former statutes, a liquidated damages clause was presumptively invalid unless the damages that arose from the breach would be difficult to ascertain. (*Better Foods Mkts.* v. *Amer. Dist. Teleg. Co.* (1953) 40 Cal.2d 179, 184-185 [253 P.2d 10, 42 A.L.R.2d 580].)

The Law Revision Commission recommended a change in the California Liquidated Damages Law in a 1976 report. (Recommendations Relating to Liquidated Damages, 13 Cal. Law Revision Com. Rep. (1976) p. 1739.) The report was subsequently adopted by the Legislature without change. "A report of the Law Revision Commission proposing a statute that is subsequently adopted by the Legislature without change is entitled to substantial weight in ascertaining legislative purpose." (*People* v. *Bailey* (1983) 140 Cal.App.3d 828, 831, fn. 3 [189 Cal.Rptr. 918].) Moreover, "protective statutes will be liberally interpreted to advance their clear purposes. [Citations.] [The courts will not extend a statute's protection to allow plaintiffs] to use the penalties of such statutes as a sword rather than a shield, i.e., when they are not victims of the sharp practices against which the legislation is aimed. [Fn. omitted.]" (*Fitch* v. *Pacific Fid. Life Ins. Co.* (1975) 54 Cal.App.3d 140, 148 [126 Cal.Rptr. 445].)

Under new section 1671, a contractual stipulation of liquidated damages is *presumed valid* unless the party seeking to invalidate it shows that it is

---

[4]Section 1670 provided: "Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section."

[5]Section 1671 provided: "The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

unreasonable in light of the circumstance existing at the time the contract was made. In response to a perceived abuse of the clause by sellers against buyers, the commission recommended enacting an exception to the general rule in contracts to purchase real property. It recommended very carefully drafted statutory limitations (§ 1675 et seq.) to protect a defaulting buyer "from forfeiting an unreasonably large amount [of money] as liquidated damages." (Recommendations Relating to Liquidated Damages, *supra,* 13 Cal. Law Revision Com. Rep. at p. 1744.) In the comments to sections 1675 et seq., the commission also made specific references to protecting the buyer. (Cal. Law Revision Com. com., § 1675 et seq.)[6]

Furthermore, section 1679 specifically provides that if a seller agrees to pay liquidated damages and defaults on the contract, section 1675 et seq. are inapplicable and the validity of the clause is determined under the general rule in section 1671. Consequently, no separate signing or initialing is required where a seller defaults on a contract to purchase and sell residential real property.

Although section 1677 does require both parties to sign the provision, that requirement must not be read to suggest that chapter 2 was designed for anything but the buyer's protection. This is so particularly since there are no references to protecting the seller in the relevant provisions.

In *Estate of Reardon, supra,* 243 Cal.App.2d 221, 229, the court held that a testator's niece and nephew could not void a charitable gift pursuant to a mortmain statute where they were not members of the class sought to be protected. *Reardon* based its holding on *Gee* v. *Moore* (1859) 14 Cal. 472, 474-475. In *Gee,* the court denied a husband the right to void a contract in which the husband alienated homestead property without his wife's signature when no one was living whom the statute was designed to protect. Also in *Barnes* v. *Hartman* (1966) 246 Cal.App.2d 215, 224 [54 Cal.Rptr. 514], the court did not allow a plaintiff, not within the class of persons protected by the usury laws, to raise that issue in connection with a loan.

Furthermore, according to the Law Revision Commission's comment, the purpose of section 1677's provisions was to provide consumer protection. (See Cal. Law Revision Com. com., § 1677). The comment also refers to

---

[6]A perceived lack of protection for the buyer also prompted Governor Edmund G. Brown, Jr., to veto a 1976 bill. (See 11 Assem. J. (1975-1976 Reg. Sess.) pp. 21, 804-21, 805; and the Governor's veto message of Assem. Bill No. 3169 (introduced on Feb. 23, 1976) 7 Assem. J. (1975-76 Reg. Sess.) p. 12152.) The Legislature subsequently made changes more beneficial to the buyer than those in the 1976 bill and a new bill was passed in July 1977. (Cf., Assem. Bill No. 3169 with Assem. Bill No. 570, (introduced Feb. 18, 1977) 1 Assem. J. (1977-1978 Reg. Sess.) p. 549.)

other consumer protection legislation. For example, the Automobile Sales Finance Act requires certain formalities to be complied with before a conditional sales contract is enforceable. Former section 2982, subdivision (a), now section 2981.9, like section 1677, has a buyer and seller signature requirement as well as a type size requirement. The courts have held that the act was enacted to protect a buyer from excessive charges. (*Story* v. *Gateway Chevrolet Co.* (1965) 237 Cal.App.2d 705, 709 [47 Cal.Rptr. 267].) Thus, failure to comply with the formalities, precludes a seller from enforcing the contract pursuant to section 2983, but a buyer has the right to enforce the contract or rescind it. (§ 2983.1.) ■ Therefore, notwithstanding the requirement of seller's signature, we conclude that section 1675 et seq. were designed solely for the protection of the buyer. We therefore hold that section 1677 gives the buyer the option of either enforcing the agreement or voiding it when the statutory formalities are not satisfied. ■ However, since sellers are not members of that class sought to be protected by the statute, they are precluded from voiding the clause.

Moreover, in this case, we further hold that the sellers have substantially complied with the statutory requirement. They are the ones who prepared and included the liquidated damages clause part of the amendments to the escrow instructions. They also signed the amended instructions in close proximity to the clause.

Accordingly, the judgment below is affirmed.

Schauer, P. J., and McVittie, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.