Filed 12/29/23  LexAnalytica v. Mahamedi CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| LEXANALYTICA, P.C. and PERRY NARANCIC,<br><br>     Plaintiffs, Cross-Defendants and Respondents,<br><br>v.<br><br>ZURVAN MAHAMEDI,<br><br>     Defendant, Cross-Complainant and Appellant. | A166170<br><br>(San Mateo County Super. Ct. No. 22CIV00730) |

Zurvan Mahamedi appeals from a judgment confirming an arbitration award in favor of his prior counsel, Perry Narancic, and Narancic's law firm, LexAnalytica, P.C. (collectively, LexAnalytica).  The arbitrator found that Mahamedi was liable under the parties' contract for attorney's fees charged at hourly rates that the arbitrator found the parties had orally agreed upon.

Mahamedi contends that the arbitrator exceeded his powers (Code Civ. Proc., § 1286.2, subd. (a)(4)) because the orally agreed-upon attorney's fees violate Business and Professions

1

Code[1] section 6148, and, as such, they are void and unenforceable.[2] We affirm the judgment.

## BACKGROUND

Mahamedi, an attorney specializing in intellectual property, retained LexAnalytica to represent him in litigation against officers and directors of a company called Shocking Technologies, Inc. (the Shocking litigation) through a written engagement agreement in 2013. The 2013 engagement agreement set forth a $325 hourly rate for this work.

In addition to the Shocking litigation, LexAnalytica worked for Mahamedi on a litigation between Mahamedi and his former law partner, William Paradice (the Paradice litigation), and on a matter described as the Chavez litigation. The 2013 engagement agreement is the only written contract between Mahamedi and LexAnalytica, and, as noted above, on its face, the 2013 engagement agreement governs only the Shocking litigation. The parties agreed, however, that LexAnalytica's representation of Mahamedi in the Chavez and Paradice litigations would be pursuant to the terms of the 2013 engagement agreement.

On February 6, 2019, Mahamedi initiated an arbitration against LexAnalytica and Narancic under the arbitration provision of the 2013 engagement agreement. He asserted claims

[1] All further statutory references are to the Business and Professions Code unless otherwise stated.

[2] Mahamedi also claims that enforcement of the orally agreed-upon attorney's fees violates the Rules of Professional Conduct, but he concedes that his assertion of error with respect to the alleged violation of the Rules of Professional Conduct is not judicially reviewable.

2

for breach of written contract, assault, battery, professional negligence, breach of fiduciary duty, and intentional infliction of emotional distress. LexAnalytica counterclaimed for, among other things, attorney's fees pursuant to the parties' contract or quantum meruit recovery. The arbitration award recounts that the arbitration arose from the parties' dealings in the Paradice litigation, but the award also shows that the arbitration included a dispute as to attorney's fees in the Shocking, Paradice, and Chavez litigations.

After many days of hearings, the arbitrator issued a final arbitration award rejecting Mahamedi's claims and granting attorney's fees and costs to LexAnalytica under the parties' contract for the Shocking, Paradice, and Chavez litigations. LexAnalytica petitioned to confirm the arbitration award, and Mahamedi cross-petitioned to vacate the arbitration award.

The trial court conducted a hearing on the petitions and issued the following minute order: "The court finds/orders: The fee issue was appropriately dealt with by the Arbitrator. The validity of the agreement is not an issue for this court. Therefore, the Motion to Vacate the Arbitration Award is denied; the Petition to Confirm the Arbitration Award is granted." The court subsequently entered a final judgment confirming the arbitration award.

Mahamedi timely appealed.

## DISCUSSION

In this appeal, Mahamedi contends that the $375 and $395 hourly rates charged by LexAnalytica were illegal and void under

3

section 6148 because the parties did not agree to those rates in a written contract. He further contends that, by enforcing those allegedly illegal contract provisions, the arbitrator committed legal error and exceeded the scope of his powers, requiring judicial vacatur of the arbitration award under Code of Civil Procedure section 1286.2, subdivision (a)(4). After a brief discussion of the relevant law, we affirm the judgment because we agree with LexAnalytica that Mahamedi has not established that he raised with the arbitrator the issue he seeks to pursue on appeal. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 30–31 (*Moncharsh*).)

## I. Standards Governing Our Review

"[I]t is the general rule that, 'The merits of the controversy between the parties [to a private arbitration agreement] are not subject to judicial review.' [Citations.] More specifically, courts will not review the validity of the arbitrator's reasoning. [Citations.] Further, a court may not review the sufficiency of the evidence supporting an arbitrator's award. [Citations.] [¶] Thus, it is the general rule that, with narrow exceptions, an arbitrator's decision cannot be reviewed for errors of fact or law." (*Moncharsh*, *supra*, 3 Cal.4th at p. 11.)

Code of Civil Procedure section 1286.2, subdivision (a), sets forth the exclusive grounds for vacating an arbitration award. Pertinent here, the court "shall vacate the award" if it determines that "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." (Code Civ. Proc., § 1286.2,

4

subd. (a)(4).) "Arbitrators may exceed their powers by issuing an award that violates a party's unwaivable statutory rights or that contravenes an explicit legislative expression of public policy." (*Richey v. AutoNation, Inc.* (2015) 60 Cal.4th 909, 916.) At the same time, however, an arbitrator does not exceed his or her powers "merely by rendering an erroneous decision on a legal or factual issue, so long as the issue was within the scope of the controversy submitted to the arbitrators." (*Moshonov v. Walsh* (2000) 22 Cal.4th 771, 775.)

In *Moncharsh*, the high court discussed situations where, as here, a party seeks judicial review of an arbitration award and claims that a provision of a contract enforced by the arbitrator is illegal. (*Moncharsh*, *supra*, 3 Cal.4th at pp. 29–30.) The high court rejected the notion that "judicial review of an arbitrator's decision is routinely available where one party claims merely that a portion of a contract is illegal." (*Id.* at p. 32, fn. 14.) However, "[T]here may be some limited and exceptional circumstances justifying judicial review of an arbitrator's decision when a party claims illegality affects only a portion of the underlying contract. Such cases would include those in which granting finality to an arbitrator's decision would be inconsistent with the protection of a party's statutory rights." (*Id.* at p. 32.) "Without an explicit legislative expression of public policy, however, courts should be reluctant to invalidate an arbitrator's award on this ground. The reason is clear: the Legislature has already expressed its strong support for private arbitration and the finality of arbitral awards . . . . [Citation.] Absent a clear

5

expression of illegality or public policy undermining this strong presumption in favor of private arbitration, an arbitral award should ordinarily stand immune from judicial scrutiny." (*Ibid.*)

*Moncharsh* also discussed forfeiture principles applicable to claims such as the one Mahamedi presents. "[W]hen . . . the alleged illegality goes to only a portion of the contract (that does not include the arbitration agreement), the entire controversy, including the issue of illegality, remains arbitrable." (*Moncharsh*, *supra*, 3 Cal.4th at p. 30.) A party thus must raise the issue of a contract's partial illegality before the arbitrator or forfeit the right to challenge the arbitration award on that basis in court. (*Ibid.*) The high court gave two reasons for this rule. First, "[a]ny other conclusion is inconsistent with the basic purpose of private arbitration, which is to finally decide a dispute between the parties." (*Ibid.*) Second, "we cannot permit a party to sit on his rights, content in the knowledge that should he suffer an adverse decision, he could then raise the illegality issue in a motion to vacate the arbitrator's award. A contrary rule would condone a level of 'procedural gamesmanship' that we have condemned as 'undermining the advantages of arbitration.' [Citations.] Such a waste of arbitral and judicial time and resources should not be permitted." (*Ibid.*)

Our high court recently confirmed that *Moncharsh*'s forfeiture rule remains valid. (*Law Finance Group, LLC v. Key* (2023) 14 Cal.5th 932, 958–959 (*Law Finance Group, LLC*).) "In *Moncharsh*, the plaintiff sought to vacate an arbitral award, claiming that the arbitrators had enforced an illegal noncompete

6

provision of his employment contract.  [Citation.]  We held that the claim of illegality was not the kind that would require a court to intervene on public policy grounds.  [Citation.]  *Critically, however, we did so only after considering whether the claim had been forfeited through failure to raise it in accordance with prescribed procedure.*  [Citation.]  *We explained that both challenges asserting that 'grounds exist to revoke the entire contract' and challenges going 'to only a portion of the contract' can be forfeited if they are not timely raised."*  (*Id.* at p. 958, italics added.)

Thus, when faced with the claim that an arbitration award such as the one at issue here should be vacated under Code of Civil Procedure section 1286.2, subdivision (a)(4) because the arbitrator allegedly enforced an illegal contract provision, we ask two questions.  First, did the party seeking to vacate the arbitration award raise the illegality argument before the arbitrator?  (*Moncharsh, supra*, 3 Cal.4th at pp. 30–31.)  Second, is the arbitrator's award subject to judicial review?  (*Id.* at pp. 31–32.)

In resolving this appeal, we are mindful of the fundamental rule of appellate review:  An appealed judgment or order is presumed to be correct.  " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' "  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

"Our review of an arbitration award [similarly] requires us to extend to it every intendment of validity and the party

7

claiming error has the burden of supporting his contention."
(*Ikerd v. Warren T. Merrill & Sons* (1992) 9 Cal.App.4th 1833,
1841.) "There is a presumption favoring the validity of the
award, and appellant bears the burden of establishing her claim
of invalidity." (*Betz v. Pankow* (1993) 16 Cal.App.4th 919, 923.)
A court will not presume error, and the party seeking to vacate
the award must show error. (*Ikerd*, at p. 1841; see also *Taranow
v. Brokstein* (1982) 135 Cal.App.3d 662, 666–667 [where no record
is presented or available on appeal, every reasonable intendment
will be indulged to give effect to arbitration proceedings and
burden is on party attacking award to affirmatively establish
existence of error by a proper record].)

   With these principles in mind, we turn to the first question:
Whether Mahamedi, as the party seeking to vacate the
arbitration award, raised before the arbitrator his argument that
the $375 and $395 hourly rates charged by LexAnalytica were
illegal and void under section 6148? (*Moncharsh*, *supra*,
3 Cal.4th at pp. 30–31.)

## II.    Section 6148 — Overview

   Section 6148 provides: "In any case not coming within
Section 6147 [governing contingency fee agreements] in which it
is reasonably foreseeable that total expense to a client, including
attorney fees, will exceed one thousand dollars ($1,000), the
contract for services in the case shall be in writing . . . [and] shall
contain all of the following: [¶] (1) Any basis of compensation
including, but not limited to, hourly rates, statutory fees or flat
fees, and other standard rates, fees, and charges applicable to the

case. [¶] (2) The general nature of the legal services to be provided to the client. [¶] (3) The respective responsibilities of the attorney and the client as to the performance of the contract." (§ 6148, subd. (a).)  The statute also sets requirements for attorney billing.[3]  (§ 6148, subd. (b).)

Section 6148 provides that any agreement that does not comply with its provisions is voidable at the client's option. "Failure to comply with any provision of this section renders the agreement voidable at the option of the client, and the attorney shall, upon the agreement being voided, be entitled to collect a reasonable fee."  (§ 6148, subd. (c).)[4]

_____

[3] There are various exceptions to the statute's writing requirements.  "This section shall not apply to any of the following: [¶] (1) Services rendered in an emergency to avoid foreseeable prejudice to the rights or interests of the client or where a writing is otherwise impractical. [¶] (2) An arrangement as to the fee implied by the fact that the attorney's services are of the same general kind as previously rendered to and paid for by the client. [¶] (3) If the client knowingly states in writing, after full disclosure of this section, that a writing concerning fees is not required. [¶] (4) If the client is a corporation."  (§ 6148, subd. (d)(1)–(4).)

[4] Voidable is distinct from void.  "A void contract is no contract at all; it binds no one and is a mere nullity.  [Citation.] Consequently, such a contract cannot be enforced."  (*Guthman v. Moss* (1984) 150 Cal.App.3d 501, 507.)  The doctrine of contract illegality "considers whether the object of the contract is illegal" (*McIntosh v. Mills* (2004) 121 Cal.App.4th 333, 346), and an illegal contract is void, not voidable (1 Witkin, Summary of Cal. Law (11th ed. 2023) Contracts, § 433).)  On the other hand, a voidable contract may be "rendered null at the option of one of the parties, but is not void until so rendered."  (*Depner v. Joseph Zukin Blouses* (1936) 13 Cal.App.2d 124, 127–128.)

**III. Analysis**

We agree with LexAnalytica that Mahamedi forfeited his claim by failing to show that he raised it in the arbitration. Under the settled standards of review discussed, *ante*, Mahamedi has the burden of establishing the merits of any claim of error and that he adequately preserved his claim. (Cf. *Crummer v. Zalk* (1967) 248 Cal.App.2d 794, 796–797 [court will not presume error or preservation of claim by assuming objection to evidence challenged on appeal was made and overruled in trial court where appeal was on clerk's transcript alone]; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799 [noting appellant has burden on appeal to demonstrate proper preservation of claims in trial court through timely assertion].)

Here, Mahamedi does not show that he argued to the arbitrator that the $375 and $395 hourly rates were unenforceable because a violation of section 6148 rendered those contract provisions void or they were voided. (*Moncharsh*, *supra*, 3 Cal.4th at pp. 30–31.) The limited record does not contain full transcripts of the arbitration, or, with the exception of Mahamedi's motion for reconsideration, the parties' written arbitration submissions. In response to LexAnalytica's forfeiture argument, Mahamedi nonetheless contends that the arbitration award, which is part of the record, is sufficient to show that he raised his claim in arbitration.[5] Looking at that award, and in

---

[5] Mahamedi also argues that whether or not he raised this issue in arbitration "is of no moment," but, as we have explained, our high court, even if only in persuasive dicta, has stated

10

particular the resolution of Mahamedi's breach of contract and fiduciary duty claims to which Mahamedi points us in his briefing, we disagree.

The arbitration award recites that Mahamedi brought a claim alleging that LexAnalytica breached the parties' contract by failing to provide monthly invoices, failing to bill at a $325 hourly rate, and failing to obtain Mahamedi's prior approval for expenses exceeding $500. The record also shows that the parties disputed the existence of a "handshake" agreement to $375 and $395 hourly rates, with Mahamedi arguing that there had been no "handshake" agreement with respect to these raised rates. The arbitrator concluded otherwise, finding in relevant part that LexAnalytica had not breached the parties' contract because the parties entered into a handshake agreement modifying the $325 hourly rate to $375 and $395.

From this summary and resolution of Mahamedi's breach of contract claim, we can deduce that Mahamedi's contention in arbitration was that he had never entered into a "handshake" agreement approving of LexAnalytica's $375 and $395 hourly rates. However, we cannot conclude from the face of the award that Mahamedi also argued that, regardless of the validity of any oral agreement for the $375 and $395 hourly rates as a matter of contract law, the $375 and $395 hourly rates were unenforceable because they were void or voided for failure to comply with section 6148.

---

otherwise. (*Moncharsh*, *supra*, 3 Cal.4th at pp. 30–31; *Law Finance Group, LLC*, *supra*, 14 Cal.5th at p. 958.)

Next, Mahamedi claimed that Narancic breached fiduciary duties owed to Mahamedi in many ways. One such allegation was that Narancic breached his fiduciary duty by "[f]ailing to comply with Bus. & Prof. Code [section] 6148 and with California ethical rules by failing to provide an engagement letter to Mahamedi." Here, the arbitrator ruled, "Respondent Narancic represented Claimant Mahamedi in the Shocking, Chavez and Paradice matters pursuant to the Engagement Letter dated December 4, 2013. . . . The December 4, 2013, Engagement Letter was entered into by the parties for the Shocking matter. The parties agree that the December 4, 2013, Shocking Engagement Letter represents the only written retainer agreement and that it applied to the Chavez and Paradice matters. As discussed in the Breach of Contract section above, the evidence supports a finding that the December 4, 2013, agreement was orally modified by a 'handshake.' Civil Code [section] 1698 (b) provides for the oral modification of a contract in writing. Failing to enter into separate written agreements for the Chavez and Paradice matters did not violate [section] 6148 in light of the December 4, 2013, executed Engagement Letter and the parties['] understanding that it applied to the Chavez and Paradice matters."

From the arbitrator's discussion, we can deduce that Mahamedi argued in arbitration that Narancic and LexAnalytica had to provide written engagement letters for both the Chavez and Paradice litigations under section 6148, and Narancic breached his fiduciary duty by failing to provide *any* written

12

engagement letter for those matters. However, the arbitration award does not mention any argument from Mahamedi that the parties' oral agreements were void or had been voided as a result of a violation of section 6148. Thus, without engaging in speculation, we cannot extrapolate from the arbitrator's resolution of the breach of fiduciary duty claim that Mahamedi also argued that the oral agreements for the Paradice and Chavez matters, or the orally agreed-upon $375 and $395 hourly rates alone, were unenforceable because a violation of section 6148 rendered such provisions void or Mahamedi had voided them.[6]

Similarly, in the arbitrator's resolution of LexAnalytica's claim for breach of contract, there is no mention of an argument that the parties' agreement for the Paradice and Chavez matters, or the orally agreed-upon $375 and $395 hourly rates, were unenforceable because section 6148 rendered such provisions void or Mahamedi had voided them.

In sum, because Mahamedi does not provide a record showing that he raised the issue of the allegedly illegal enforcement of void or voided oral contract provisions before the arbitrator, he cannot raise the claim on appeal as a basis to

---

[6] As LexAnalytica observes, the record refutes any conclusion that Mahamedi argued that the entire oral agreements for the Chavez and Paradice matters were void. Indeed, Mahamedi brought a breach of contract claim arguing for the enforcement of what he contended were the parties' agreements with respect to these matters despite the lack of written engagement letters.

vacate the arbitration award.  (*Moncharsh*, *supra*, 3 Cal.4th at pp. 30–31.)

## DISPOSITION

The judgment is affirmed.


BROWN, P. J.


WE CONCUR:

STREETER, J.
HIRAMOTO, J.*


*LexAnalytica v. Mahamedi*  (A166170)

---

* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.