UTAH BIORESEARCH 1984, LTD., COPIOUS INVESTMENTS, ROBERT H. AND CAROLEE HARMON FAMILY TRUST, LEROY C. TAYLOR AND ELAINE BARTON, PARTNERS OTHER THAN THE TAX MATTERS PARTNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Utah Bioresearch 1984, Ltd. v. Commissioner
Docket No. 26091-88
United States Tax Court
T.C. Memo 1989-612; 1989 Tax Ct. Memo LEXIS 612; 58 T.C.M. (CCH) 676; T.C.M. (RIA) 89612; November 13, 1989
*612 During 1984, RTE, Inc., was the sole general partner of Utah Bio, a partnership. On November 15, 1986, RTE, Inc., transferred all of its interest in Utah Bio to Lone Star. RTE, Inc., was dissolved in 1987. The 1986 partnership return of Utah Bio reflected an address different than that shown on the 1984 return. On April 14, 1988, respondent issued six duplicate original FPAA's determining adjustments to the 1984 partnership return of Utah Bio. One of the duplicate original FPAA's was a generic notice to "Tax Matters Partner" at the address of Utah Bio reflected on the 1984 return. No FPAA was sent to Utah Bio at the address reflected on the 1986 return. Copies of the April 14, 1988, FPAA's were sent to the notice partners on May 2, 1988. The copies sent to the notice partners reflected that the FPAA was issued to the TMP on April 14, 1988. A petition for readjustment of partnership items was filed by partners other than the TMP on October 3, 1988. Held: the petition was not filed timely under section 6226(a) or (b), and accordingly this matter must be dismissed for lack of jurisdiction. Held further: that respondent properly issued a generic FPAA for 1984 to *613 the address shown on Utah Bio's 1984 return in the absence of any additional information furnished pursuant to section 6223(c). Held further: The notice partners were sent copies of the FPAA's and had sufficient time to file a timely petition. Held further: respondent's motion to dismiss for lack of jurisdiction is granted. Rand M. Elison, for the petitioners. David L. Miller, Marion K. Mortensen, and Henry Schneiderman, for the respondent. MEMORANDUM OPINION PANUTHOS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443. [1] This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. The issue for decision is whether the petition for readjustment of partnership items in this case must be dismissed for lack of jurisdiction because (1) the petition was not timely filed pursuant to section 6226 or (2) the notice of final partnership administrative adjustment (FPAA) issued by respondent to Utah Bioresearch 1984, Ltd. (Utah Bio) for its 1984 taxable year was not valid. *616 On April 14, 1988, respondent issued duplicate original FPAA's determining adjustments to the 1984 partnership return of Utah Bio. The FPAA's were addressed as follows: RTE, Inc. TMP Dr. Emerson Cannon
410 Chipeta Way
Salt Lake City, UT 84108
RTE, Inc.
Dr. Emerson Cannon 434 Lawndale Drive Salt Lake City, UT 84115
RTE, Inc.
Dr. Emerson Cannon
185 South State Street
Suite 1040
Salt Lake City, UT 84111
Tax Matters Partner
Utah Bioresearch 1984, Ltd.
410 Chipeta Way
Salt Lake City, UT 84108
Tax Matters Partner
Utah Bioresearch 1984, Ltd.
434 Lawndale Dr. Salt Lake City, UT 84115
Tax Matters Partner
Utah Bioresearch 1984, Ltd.
185 South State Street
Suite 1040
Salt Lake City, UT 84111 Utah Bio's 1984 partnership return shows the partnership's address as 185 South State Street, Suite 1040, Salt Lake City, Utah 84111. Each FPAA was mailed on April 14, 1988. Copies of the FPAA were mailed to notice partners of Utah Bio on May 2, 1988. The copies stated that the FPAA was mailed to the tax matters partner of Utah Bio on April 14, 1988. Utah Bio did not designate a tax matters partner for its 1984 taxable *617 year. RTE, Inc., a Utah corporation, was formerly the sole general partner of Utah Bio. Effective November 15, 1986, RTE, Inc., transferred all of its interest in Utah Bio to Lone Star Investments, Inc. (Lone Star), another Utah corporation. Lone Star held no interest of any kind in Utah Bio during 1984 nor was it designated as tax matters partner for 1984. On August 1, 1987, RTE, Inc., was involuntarily dissolved by the Utah Department of Business Regulation for failure to file an annual report. The FPAAs that were mailed to the Lawndale Drive address were forwarded by the post office to 3300 Mill Creek Road, Salt Lake City, Utah, and were received by Dr. Emerson Cannon, the former president and sole shareholder of RTE, Inc., on or about April 20, 1988. Dr. Cannon returned the FPAA to respondent with a letter dated April 22, 1988, which stated as follows: RTE, Inc., has not been functioning for some time and is not the general partner for Utah Bioresearch 1984 Ltd. Prior to the dissolution of RTE, Inc., the corporation resigned its position as general partner and it is my understanding that Mr. Fred Volcansek has assumed that position. The letter further provided an *618 address where Cannon thought Volcansek could be reached. The address provided in Cannon's letter, 139 E. South Temple, Suite 6002, Salt Lake City, UT 84111, was that of Lone Star. According to respondent some correspondence sent to RTE, Inc., prior to April 14, 1988, was returned as undeliverable. The record reflects that a letter with respect to the 1984 year was sent by respondent on February 22, 1988, to RTE, Inc., as the general partner of Utah Bio, to the South Temple Street address. It appears that this letter was sent from respondent's Ogden, Utah, service center and relates to a statement of adjustment to Utah Bio's account. The record does not reveal how respondent became aware of this address. The petition for readjustment of partnership items was filed by partners other than the tax matters partner on October 3, 1988. [2] At the time the readjustment petition was filed, the principal place of business of the partnership was Salt Lake City, Utah. OPINION The 90-day period provided in *619 section 6226(a) for a tax matters partner to timely file a petition for readjustment of partnership items expired on July 13, 1988. The 60-day period (following expiration of the 90-day period) provided in section 6226(b) for any notice partner or 5-percent notice group of partners to timely file a readjustment petition would have expired on September 11, 1988, which day was a Sunday, so that such period expired on the following day, September 12, 1988. Since the petition for readjustment of partnership items was not timely filed, this case must be dismissed for lack of jurisdiction in any event. The question is whether the case should be dismissed against petitioners for failure to file a timely petition or against respondent for failure to issue a valid FPAA. Petitioners argue that the FPAA issued for Utah Bio's 1984 taxable year was invalid because it was not mailed to the tax matters partner of Utah Bio at its last known address or the last known address of the partnership. In this regard, petitioners maintain that the FPAA should have been sent to the address of Lone Star, which was shown on the partnership returns of Utah Bio, for its taxable year 1986 as the address of *620 the partnership. According to petitioners, Lone Star assumed the role of tax matters partner for Utah Bio after RTE, Inc., transferred its interest in the partnership to Lone Star. Petitioners contend that respondent was informed by Dr. Cannon of the new identity and address of Utah Bio's tax matters partner, and that the FPAA issued by respondent is therefore invalid. For purposes of issuing the notices specified in section 6223(a), including an FPAA, respondent is required to use names, addresses, and profits interests shown on the partnership return for the year at issue as modified by "additional information furnished to him by the tax matters partner or any other person in accordance with regulations prescribed by the Secretary." Sec. 6223(c)(1) and (2). The procedure for furnishing additional information is provided in section 301.6223(c)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6792 (Mar. 5, 1989). Petitioners argue that Dr. Cannon's letter to respondent substantially complied with the regulation setting forth the procedure for providing additional information *621 to be used for purposes of issuing an FPAA. As respondent points out, however, the regulation provides that additional information contained in a written statement is to be considered for purposes of determining whether a partner is entitled to a notice described in section 6223(a) only if the statement is received by respondent at least 30 days before the notice is mailed to the tax matters partner. Sec. 301.6223(c)-1T(b)(1), Temporary Proced. & Admin. Regs. Since the tax matters partner and other partners of a partnership can change from one taxable year to the next, the requirement that additional information be timely provided to respondent is reasonable. Clearly, additional information provided to respondent after an FPAA is mailed does not substantially comply with the regulation. The validity of the FPAA is therefore not affected by Dr. Cannon's letter, which was sent subsequent to issuance of the FPAA. It should be further noted that the information provided by Dr. Cannon in his letter was not entirely accurate. Dr. Cannon stated that Fred Volcansek was the new tax matters partner *622 of Utah Bio. In fact, Lone Star, not Volcansek, was the successor to RTE, Inc., as tax matters partner of Utah Bio, but only for taxable years after 1985. No designation of a tax matters partner having been made by Utah Bio for its 1984 taxable year, RTE, Inc., as sole general partner of Utah Bio during that year, was tax matters partner of Utah Bio for 1984 by operation of law under section 6231(a)(7)(B). [3] Upon dissolution of RTE, Inc., in 1987, however, its designation as tax matters partner of Utah Bio for the partnership's 1984 taxable year terminated under section 301.6231(a)(7)-1T(1)(3), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6793 (Mar. 5, 1989). *623 RTE, Inc., did not certify the selection of Lone Star as successor tax matters partner of Utah Bio for 1984 under section 301.6231(a)(7)-1T(d), Temporary Proced. & Admin. Regs. Indeed, RTE, Inc., failed to provide respondent with any timely information to correct respondent's records. Respondent mailed one of the duplicate FPAAs to "Tax Matters Partner, Utah Bioresearch, Ltd." at 185 South State Street, Suite 1040, Salt Lake City, UT 84111, the address of Utah Bio shown on its partnership return for 1984. This action was in accordance with section 6223(c) since RTE, Inc., had failed to provide the correct information. See sec. 6223(c)(2). We have previously held that such a generic FPAA is valid. Chomp Associates v. Commissioner, 91 T.C. 1069 (1988); see also Barbados #7 Ltd. v. Commissioner, 92 T.C. 804 (1989). Although RTE, Inc., the tax matters partner for Utah Bio's 1984 taxable year, was dissolved in 1987, thus terminating its status as tax matters partner, a generic FPAA is valid even though a partnership has no tax matters partner at the time *624 the FPAA was issued. Seneca, Ltd. v. Commissioner, 92 T.C. 363 (1989). Petitioners contend, however, that the FPAA was invalid because it was not mailed to the partnership's last known address, that of Lone Star, as reflected on the partnership's most recently filed return. Thus, they argue in effect that even if Lone Star was not the tax matters partner of Utah Bio for the partnership's 1984 taxable year, respondent should have issued the generic FPAA to the then current address of Utah Bio. As respondent points out, the last known address doctrine is derived from the safe harbor provision of section 6212(b)(1), which provides that a notice of deficiency shall be sufficient if mailed to the taxpayer at his last known address. Under section 6230(a), however, the normal deficiency procedures do not apply to the unified partnership audit and litigation procedures except under special circumstances not relevant to this case. As discussed above, notices related to partnership proceedings are issued under section 6223, which specifically provides that respondent is to use *625 the information shown on the partnership return for the year at issue and any additional information furnished in accordance with the regulations prior to issuance of such notices. Section 6223, unlike section 6212, does not use the term "last known address." There is nothing in this record which would cause us to conclude that respondent did not comply with the requirements of the statute and the regulations issued thereunder. The statute places the burden of informing respondent of changes in address or in the status of the tax matters partner on the partnership. Because different years may find a partnership with different tax matters partners, respondent may not assume that the most recent return reflects the correct mailing address for a prior year. Accordingly, under the statutory scheme legislated by Congress, the FPAA was valid. The notice partners were sent copies of the FPAA on May 2, 1988. Petitioners do not allege that the copies were not properly mailed to the notice partners, or that they did not receive the copies within a reasonable time after they were mailed. Thus, as in Seneca, Ltd. v. Commissioner, supra, the notice partners of Utah Bio *626 received copies of the FPAA informing them of the date the FPAA was mailed to the tax matters partner in time to protect their rights by filing a petition for readjustment of partnership items. [4] Petitioners have failed to show that they did not receive adequate notice of when and how to commence a partnership proceeding in this Court when they received copies of the FPAA, and, thus, they may not be heard to complain that the statutory requirements are inadequate or were not met by respondent. Seneca, Ltd. v. Commissioner, supra; see also Byrd Investments v. Commissioner, 89 T.C. 1 (1987). Respondent's motion to dismiss for lack of jurisdiction will, accordingly, be granted. An order dismissing this case for lack of jurisdiction will be entered. Footnotes
1. This case was heard pursuant to sec. 7443A and Rule 180. All section references are to the Internal Revenue Code as amended and in effect for the year at issue and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The petition was mailed to the Court on Sept. 29, 1988, the 150th day from May 2, 1988, the date the copies of the FPAA were mailed to the notice partners of Utah Bio.↩
3. Sec. 6231(a)(7) provides as follows: (7) Tax matters partner. -- The tax matters partner of any partnership is -- (A) the general partner designated as the tax matters partner as provided in regulations, or (B) if there is no general partner who has been so designated, the general partner having the largest profits interest in the partnership at the close of the taxable year involved (or, where there is more than 1 such partner, the 1 of such partners whose name would appear first in an alphabetical listing). If there is no general partner designated under subparagraph (A) and the Secretary determines that it is impracticable to apply subparagraph (B), the partner selected by the Secretary shall be treated as the tax matters partner.↩
4. It appears that the notice partners may have erroneously computed the time for filing a petition by counting 150 days from May 2, 1988 (the date copies of the FPAA were sent to the notice partners), rather than April 14, 1988, the date the FPAA was issued.↩