T W ANCILLARY LTD., M. LA RUE HARCOURT, TAX MATTERS PARTNER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
T W ANCILLARY LTD. v. COMMISSIONER
Docket No. 6264-92
United States Tax Court
T.C. Memo 1993-572; 1993 Tax Ct. Memo LEXIS 583; 66 T.C.M. (CCH) 1478; December 6, 1993, Filed *583 An order denying petitioner's motion for summary judgment and granting respondent's motion for summary judgment will be issued. Decision will be entered in accordance with the stipulation of agreed adjustments. For petitioner: Darrell V. Rippy
For respondent: Thomas R. Lamons
BEGHE
BEGHE
MEMORANDUM OPINION BEGHE, Judge: By notices of final partnership administrative adjustment (FPAA's), respondent determined adjustments to the partnership returns of income of T.W. Ancillary Ltd. for the taxable years 1983, 1984, and 1985. T.W. Ancillary Ltd. (the partnership) is a California limited partnership subject to the unified audit and litigation procedures for partnership items under sections 6221-6233 [1] originally enacted as part of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 324, 648. When the petition in this case was filed, the partnership's principal place of business was Fallbrook, California. *584 There being no genuine issues of material fact, the case is now before us on the parties' cross-motions for summary judgment pursuant to Rule 121. Petitioner has moved for summary judgment on the ground that, as a matter of law, respondent's determinations in the FPAA's were barred under section 6229(a) by expiration of the statutory period of limitations. Respondent has moved for summary judgment on the ground that decision should be entered in accordance with the stipulated adjustments, which resolve all issues in this case, except for the limitations issue raised by petitioner's motion, which respondent argues should be denied. For the reasons discussed below, we will deny petitioner's motion for summary judgment, grant respondent's motion for summary judgment, and enter decision in accordance with the stipulated adjustments. Background
The partnership is a California limited partnership organized in 1979. Although, from inception of the partnership, its sole general partner and tax matters partner (TMP) [2] was HRW, Inc., a California corporation, M. LaRue Harcourt was and is president of HRW, and, under circumstances described below, has become TMP of the partnership. *585 On October 3, 1983, the California secretary of state, pursuant to sections 23301 and 23304 of the California Revenue and Taxation Code, suspended HRW's "corporate powers, rights and privileges" on account of failure to file California franchise tax returns and to pay franchise taxes. Despite the suspension under California law, HRW, through its president, Mr. Harcourt, continued to carry out the functions of TMP, including execution and delivery of tax-related documents on behalf of the partnership. *586 In 1987, 1988, and 1990, during the course of respondent's audit of the partnership's returns for the taxable years 1983, 1984, and 1985, petitioner, in his capacity as president of HRW, signed Forms 872-O and 872-P agreeing to extend the period of limitations on assessment of partnership items for those taxable years. The agreements were countersigned by respondent's designated agent. On December 20, 1991, more than 3 years after the partnership's 1983, 1984, and 1985 returns were filed, but before the expiration of the period of limitations, as extended under the agreements, respondent issued FPAA's to HRW, determining adjustments to those returns. Respondent also mailed the FPAA's to Mr. Harcourt, as a notice partner, on February 10, 1992. If the agreements to extend the period of limitations were valid, the FPAA's were timely mailed; if the agreements were invalid, the FPAA's were untimely. The FPAA's sent to HRW explained that, as TMP, it had 90 days in which to file a Tax Court petition seeking readjustment of the partnership items. The FPAA's explained that "During the 90-day period, no other partner may file a petition for judicial review, and a filing of a petition *587 by the tax matters partner precludes all other actions." The FPAA's also explained that if the TMP does not file a petition within the 90-day period, a partner other than the TMP may file a petition within 150 days of the mailing date, giving such partner an additional 60 days after the expiration of the initial 90-day period to file a Tax Court petition. On March 19, 1992, Mr. Harcourt timely mailed a petition to the Tax Court on behalf of the partnership and signed the petition, identifying himself as the TMP. The Court filed the petition on March 23, 1992. Respondent then moved to dismiss the case pursuant to section 6226(a) on the ground that the petition had not been properly filed by the TMP. Mr. Harcourt filed an objection to respondent's motion, and the Court set the case down for a hearing on respondent's motion. At the hearing, respondent withdrew the motion to dismiss on the ground that Mr. Harcourt could have filed a petition in his capacity as a partner other than the TMP. Thereafter, respondent filed an answer denying the allegations in the petition, and the case was set for trial. Respondent later moved to remove HRW as the TMP and replace it with a new unnamed *588 TMP. In a response filed by the Court, Mr. Harcourt volunteered to serve as TMP. There being no objection by respondent, on February 18, 1993, the Court ordered, pursuant to Rule 250, that Mr. Harcourt replace HRW as the partnership's TMP. On March 18, 1993, Mr. Harcourt, on behalf of the partnership, filed a motion for summary judgment asserting that the agreements he signed in his capacity as president of HRW to extend the period of limitations on assessment of partnership items for the taxable years 1983, 1984, and 1985 were void or voidable because HRW's corporate powers had been suspended by the California secretary of state. Respondent opposed that motion and filed a cross-motion for summary judgment on the grounds set forth above. On June 1, 1993, the Court filed the parties' stipulation of agreed adjustments resolving all issues in this case except for the limitations issue raised in petitioner's motion for summary judgment. The stipulation was executed by counsel for petitioner and respondent as well as Mr. Harcourt, in his capacity as TMP. Discussion
Under Rule 121(b), summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, *589 admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." The moving party bears the burden of proof on a motion for summary judgment, and all pertinent material is construed in the light most favorable to the adverse party. Thoburn v. Commissioner, 95 T.C. 132, 151-152 (1990), and cases cited therein. Petitioner's Motion for Summary Judgment
Petitioner's motion for summary judgment appears to be nothing more than an attempt to postpone the inevitable and comes close to being frivolous. Section 6229 provides: (a) General Rule. -- Except as otherwise provided in this section, the period for assessing any tax imposed by subtitle A with respect to any person which is attributable to any partnership item (or affected item) for a partnership taxable year shall not expire before the date which is 3 years after the later of -- (1) the date on which the partnership return for such taxable year was filed, or (2) the last day for filing such return for such year (determined without regard to extensions). *590 (b) Extension by Agreement. -- (1) In general. -- The period described in subsection (a) (including an extension period under this subsection) may be extended -- * * * (B) with respect to all partners, by an agreement entered into by the Secretary and the tax matters partner (or any other person authorized by the partnership in writing to enter into such an agreement), before the expiration of such period.
If respondent fails to issue an FPAA within the 3-year period provided under section 6229(a), the TMP may assert, as an affirmative defense to the adjustments, that the period of limitations has expired. However, a statute of limitations defense is deemed to be waived unless it is specifically pleaded. Rule 39; Niedringhaus v. Commissioner, 99 T.C. 202, 214 (1992); Gustafson v. Commissioner, 97 T.C. 85, 90 (1991); Adler v. Commissioner, 85 T.C. 535, 540 (1985). Because petitioner has failed to plead the statute of limitations defense, we consider it to have been waived. Long v. Commissioner, 71 T.C. 1, 5-6 (1978); see Columbia Building, Ltd. v. Commissioner, 98 T.C. 607, 611 (1992); *591 Genesis Oil & Gas, Ltd. v. Commissioner, 93 T.C. 562, 564 (1989); Holstein ET IV, v. Commissioner, T.C. Memo. 1992-716. Therefore, petitioner is not entitled to raise the defense in his motion for summary judgment. Dale v. Commissioner, T.C. Memo. 1981-331. Nonetheless, to forestall a motion by petitioner to amend the petition under Rule 41(a) to include the limitations defense, we address the merits of petitioner's motion. Petitioner argues in his motion for summary judgment that the agreements he signed as president of HRW to extend the period of limitations in this case were ineffective. He asserts that the extensions were "invalid or voidable" under section 23304 of the California Revenue and Taxation Code because the California secretary of state had suspended HRW's "corporate powers, rights and privileges" for failure to file State franchise tax returns and to pay franchise taxes. Petitioner therefore asserts that the FPAA's were time barred, as having been issued beyond the 3-year period of limitations, and that he is entitled to prevail in this case as a matter of law. Even *592 if petitioner had properly pleaded his limitations defense, this argument must fail. Section 23304 of the California Revenue and Taxation Code, in effect at the time the agreements were executed, provided that "Every contract made in violation of [article 7 of the California Revenue and Taxation Code] is hereby declared to be voidable, at the instance of any party other than the tax payer." [3] As the California Supreme Court explained in Peacock Hills Association v. Peacock Lagoon Const. Co., 105 Cal. Rptr. 29, 30 (1972), suspension of a corporation's powers is a penalty imposed by the State for failure to pay franchise taxes and file returns that is designed "to put pressure on the delinquent corporation to pay its taxes". It would be anomalous to allow a suspended corporation to take advantage of its suspended status to avoid obligations that it purported to undertake during the period of suspension. In Depner v. Joseph Zukin Blouses, 56 P.2d 574, 575 (Cal. Ct. App. 1936), the California Court of Appeals explained that: A voidable act takes its full and proper legal effect unless and until it is disputed and set *593 aside by some tribunal entitled to do so. "Voidable" means subject to being avoided by judicial action of a court of adequate jurisdiction. And a voidable contract is one which is void as to the wrongdoer but not void as to the wronged party unless he elects to so treat it. A voidable contract is one which may be rendered null at the option of one of the parties, but is not void until so rendered. Inasmuch as the wronged party in the instant case has not by a judicial adjudication or otherwise declared the agreement of March 22, 1932, void, we are of the opinion that the said agreement remains in full legal force and effect. [Citations omitted.]
*594 Accordingly, a contract entered into by a suspended corporation is not void but voidable and is binding on the corporation and effective unless it is declared void by the other party to the contract. Damato v. Slevin, 262 Cal. Rptr. 879, 882 (Ct. App. 1989); Myrick v. O'Neill, 92 P.2d 651, 653 (Cal. Ct. App. 1939). Under California Revenue and Taxation Code section 23304, it would be respondent, not HRW, who could avoid the agreements. However, petitioner argues that he qualifies as a "party other than the tax payer" under California Revenue and Taxation Code section 23304 and may declare the agreements voidable. We disagree. The term "tax payer" as used in the California statute refers to the corporation whose corporate status has been suspended for failure to file franchise tax returns or pay franchise taxes; in this case, HRW. The "party other than the tax payer" is the other party to the contract; in this case, respondent. Accordingly, HRW could not be entitled to avoid any contracts under California Revenue and Taxation Code section 23304. Petitioner argues, however, that he and the other limited partners *595 qualify as "[parties] other than the tax payer" and can avoid the effect of the agreements to extend the period of limitations. This argument fails because HRW, as the TMP, [4] acted on behalf of the partnership and the limited partners when, through its president, it executed the agreements. Sec. 6229(b)(1)(B). As we said above, the other party to the agreement was respondent. *596 Petitioner also argues that respondent knew or should have known that HRW's corporate powers had been suspended and that he therefore has the right to avoid the agreements to extend the period of limitations. Whether this is so is irrelevant. Even if respondent knew or should have known that HRW's corporate powers had been suspended, HRW had no right under the California statute to avoid the agreements. Petitioner has showered the Court with extensive, irrelevant, and ineffective legal argument and numerous allegations of fact relating to whether the agreements to extend the period of limitations on assessment of partnership items were valid. Mr. Harcourt knew that HRW had been suspended in 1983 but nonetheless signed the agreements to extend the period of limitations on assessment of partnership items. Mr. Harcourt now argues that he and the partnership should be able to avoid the legal effect of those agreements because the corporation had been suspended. Such a result would be patently unfair, thwart the purposes of section 6229(a), and lead to an absurd result. Because petitioner failed to plead the statute of limitations defense, we will deny his motion for summary judgment. *597 Even if petitioner had pleaded that defense, we would deny the motion because petitioner has no right to avoid the effect of the agreements to extend the period of limitations executed by HRW on behalf of the partnership. Respondent's Motion for Summary Judgment
Having held that we will deny petitioner's motion for summary judgment, we now consider respondent's motion for summary judgment, based upon the stipulated adjustments. Because the only issue remaining in this case is whether the FPAA's were time-barred, we will grant respondent's motion for summary judgment and enter decision in accordance with the stipulated adjustments. To reflect the foregoing, An order denying petitioner's motion for summary judgment and granting respondent's motion for summary judgment will be issued.
Decision will be entered in accordance with the stipulation of agreed adjustments.
Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the years in issue.↩
2. The tax matters partner is important to the operation of the TEFRA partnership procedures. The TMP has the duty to furnish partners with information relating to the progress of the litigation, including settlement negotiations and offers, trial preparation, discovery, and motions. Sec. 6223(g). It is important that the TMP carry out these duties to ensure the fair, efficient, and consistent disposition of partnership proceedings in this Court. Computer Programs Lambda, Ltd. v. Commissioner, 90 T.C. 1124, 1126↩ (1988).
3. In 1990, Cal. Rev. & Tax. Code sec. 23304 was repealed and Cal. Rev. & Tax. Code sec. 23304.1 (effective Jan. 1, 1991) was added in lieu thereof. It provides that (a) Every contract made in this state by a taxpayer during the time that the taxpayer's corporate powers, rights, and privileges are suspended or forfeited pursuant to Section 23301, 23301.5, or 23775 shall, subject to Section 23304.5, be voidable at the instance of any party to the contract other than the taxpayer.↩
We agree with the parties that this amendment has no substantive effect on this case.
4. In his memorandum in support of his opposition to respondent's motion for summary judgment, petitioner argues that HRW, as general partner, was never designated as the partnership's TMP and had no profits interest, and therefore could not have acted on behalf of the partnership as TMP. Even if HRW had not been designated TMP, as petitioner has belatedly asserted, HRW, as the partnership's only general partner, was the general partner with the largest profits interest (albeit zero) and thus had to be the TMP. sec. 6231(a)(7)(B); Utah Bioresearch 1984, Ltd. v. Commissioner, T.C. Memo. 1989-612; sec. 301.6231(a)(7)-1T(m), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6792↩ (Mar. 5, 1987).