T.C. Summary Opinion 2009-142


UNITED STATES TAX COURT


MARK RUPERT KNOP, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5472-08S.          Filed September 15, 2009.


Mark Rupert Knop, pro se.

<u>Melissa C. Quale</u>, for respondent.


    DEAN, <u>Special Trial Judge</u>:  This case was heard under the
provisions of section 7463 of the Internal Revenue Code as in
effect when the petition was filed.  Pursuant to section 7463(b),
the decision to be entered is not reviewable by any other court,
and this opinion should not be treated as precedent for any other
case.  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code of 1986, as amended.

The petition was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).  Pursuant to section 6330(d), petitioner seeks review of respondent's proposed levy action with respect to his income tax liability for 1983.  The issues for decision are whether:  (a) Petitioner may challenge the existence or amount of the underlying tax liability, (b) petitioner is entitled to an abatement of interest on his tax liability, and (c) respondent's determination to proceed with collection action was an abuse of discretion.

## Background

The stipulation of facts, the first and second supplemental stipulation of facts, and the exhibits received into evidence are incorporated herein by reference.  When the petition was filed, petitioner resided in California.

Petitioner's Tax Liability

In 1983 petitioner, a limited partner, held a 2.857-percent interest in the Contra Costa Jojoba Research Partners Partnership (partnership).  Respondent and the partnership timely executed Form 872-O, Special Consent to Extend the Time to Assess Tax Attributable to Items of a Partnership, for 1983.[1]  Respondent

---

[1]Paul Vallely, Tax Matters Partner, signed the Form 872-O for the partnership.

sent the partnership notification of the commencement of an examination in care of Paul Vallely on August 12, 1985.

Petitioner filed his Federal income tax return for 1986 in August 1987. The address on the return was his post office box in Alameda, California.

On April 12, 1989, respondent sent the partnership, in care of Paul Vallely, Tax Matters Partner (TMP), a notice of final partnership administrative adjustment (FPAA).[2] A copy of the FPAA was sent by certified mail to petitioner at his post office box in Alameda, California, on May 30, 1989. The partnership, through a partner other than the TMP, timely filed a petition with the Court to dispute the proposed adjustments. See sec. 6226(b)(1).

In 1994 the partnership entered into a stipulation to be bound by the outcome of docket No. 7619-90. In January 1998 the Court in Utah Jojoba I Research v. Commissioner, T.C. Memo. 1998-6, sustained the Commissioner's adjustments in that case. Although the Court provided an opportunity for each partner in the partnership to object to entry of decision, none who responded was willing to prosecute the partnership-level

---

[2]The partnership proceeding was governed by the procedural rules of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, sec. 402(a), 96 Stat. 648, codified as secs. 6221-6233. Under sec. 6221, the tax treatment of partnership items is determined at the partnership level.

proceeding. In April 2005 the Court ordered that the partnership item adjustments as set forth in the FPAA issued to the partnership be sustained. In its order and decision, the Court, citing section 6230(f), noted that "While it appears that the tax matters partner, who is also the petitioner, may have failed to fulfill his duties and obligations as tax matters partner, such failure" would not invalidate the partnership-level proceeding.

On April 10, 2006, respondent sent petitioner a notice of deficiency determining additions to tax for negligence under section 6653(a)(1) for 1983 for affected items related to the partnership adjustment. See secs. 6230(a)(2), 6231(a)(5). The assessment of the affected items is not at issue here.

On May 1, 2006, respondent assessed the additional tax that petitioner owed as a result of the tax determined at the partnership level. Petitioner received in May 2006 Notice CP22E, explaining the increase in his 1983 tax liability due to his partnership proceeding as well as the interest accrued as a result of the unpaid tax.

Respondent's Collection Activity

Respondent sent petitioner a Final Notice, Notice of Intent to Levy, and Notice of Your Right to a Hearing in September 2006 with respect to his 1983 tax liability. Petitioner filed a timely Form 12153, Request for a Collection Due Process Hearing. On his Form 12153 petitioner stated that he had "never received

any notice from the IRS regarding this issue" until he received the May 2006 Notice CP22E. Petitioner further alleged that "I have lived at 1895 Geneva Street in San Jose, California from May of 1990 to June 19th of 2006." Petitioner added that 2 years before living at the above address he lived in Fremont, California. Petitioner requested that the levy not be enforced "due to the amount of time that has passed" without his being informed and that "all late fees" be waived.

Petitioner, a mortgage broker, supplied the Appeals officer who conducted his section 6330 hearing with both Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and Form 433-B, Collection Information Statement for Businesses, as well as additional financial information.

## Discussion

### Section 6330

Section 6330 generally provides that the Commissioner cannot proceed with collection by way of a levy until the taxpayer has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). The taxpayer requesting the hearing may raise any relevant issue with

regard to the Commissioner's intended collection activities, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. Sec. 6330(c); Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra at 180.

Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the Appeals officer for abuse of discretion. Sego v. Commissioner, supra at 609-610; Goza v. Commissioner, supra at 181-182. The taxpayer may raise challenges "to the existence or amount of the underlying tax liability", however, only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

Petitioner argues that it is unfair for respondent to attempt collection of interest and "late fees" on the tax that he admittedly owes for 1983.[3] According to petitioner, it is, in part, unfair because he does not recall being notified by respondent that the partnership was to be examined or that he was to be assessed additional tax as a result of the partnership adjustment. It is also unfair, he argues, because paying his

_____

[3]Except with reference to deficiency procedures, under sec. 6601(e)(1), Interest treated as tax, references to underpaid tax include interest on the tax. The term "tax" also includes additions to the tax, additional amounts, and penalties. Sec. 6662(a)(2).

liability would require withdrawing money from his retirement account or selling his interest in his home.

The Partnership Liability

Mailing of the FPAA

Section 6223(a) and (d)(2) requires that the Secretary mail a copy of the FPAA to each partner entitled to notice within 60 days of the mailing of the FPAA to the TMP. Petitioner suggests that he never received a copy of the FPAA because it was not sent to his proper address. The FPAA was sent to petitioner at his post office box in Alameda, California, on May 30, 1989. Petitioner's 1986 Federal income tax return was filed in August 1987, indicating the post office box as his address. Petitioner alleges that he lived in Fremont, California, starting in 1988.

Generally, a taxpayer's last known address is the address that appears on the taxpayer's most recently filed and properly processed return "unless the Internal Revenue Service (IRS) is given clear and concise notification of a different address." Sec. 301.6212-2(a), Proced. & Admin. Regs. At trial, however, petitioner admitted that in 1989 "I still had the PO box. I don't know if the PO box was effective at that time." When asked by the Court whether he had notified the Internal Revenue Service in 1988 or 1989 that the post office box was no longer his proper address, he replied: "No, I did not." Neither

petitioner nor respondent produced a copy of petitioner's 1987 or 1988 Federal income tax return.

The last known address doctrine is derived from section 6212(b)(1), which provides that a <u>notice of deficiency</u> is sufficient if it is mailed to the taxpayer at his last known address.  Under section 6230(a), however, the normal deficiency procedures do not apply to the unified partnership audit and litigation procedures, except under circumstances not relevant here.  Notices related to partnership proceedings are issued under section 6223.  Section 6223, unlike section 6212, does not use the term "last known address".  For purposes of issuing the notices specified in section 6223(a), including an FPAA, the Commissioner is required to use names, addresses, and profits interests as shown on the partnership return for the year at issue as modified by additional information furnished by the tax matters partner or any other person in accordance with regulations prescribed by the Secretary.  Sec. 6223(c)(1) and (2).  The procedure for furnishing additional information regarding partners for the year at issue was found at sec. 301.6223(c)-1T, Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6784 (Mar. 5, 1987).[4]  Under the regulation:

> In addition to the information on the partnership return and that supplied on statements filed under this section, the

---

[4]The temporary regulations have been replaced by permanent regulations.  See sec. 301.6223(c)-1, Proced. & Admin. Regs.

Service may use other information in its possession (for example, a change in address reflected on a partner's return) in administering subchapter C of chapter 63 of the Code. However, the Service is not obligated to search its records for information not expressly furnished under this section. [301.6223(c)-1T(f), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6784 (Mar. 5, 1987).]

The statute places on the partnership the burden of informing the Commissioner of changes in the addresses of the partners and the partnership. Sec. 6230(e); Utah Bioresearch 1984, Ltd. v. Commissioner, T.C. Memo. 1989-612. Petitioner has produced no evidence to show that respondent did not comply with the requirements of the statute and the regulations issued thereunder.

Petitioner is held to have received the FPAA. He will be treated as having been a party to the action filed in this Court and able to have participated in the litigation. See sec. 6226(c). Because petitioner had an opportunity to dispute his tax liability during the partnership litigation, he was prohibited from challenging the liability at the section 6330 hearing and at trial. Sec. 6330(c)(2)(B); Giamelli v. Commissioner, 129 T.C. 107, 113 (2007); sec. 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs.

Interest on the Liability

For tax years beginning before July 31, 1996, the Commissioner may abate interest assessed on any deficiency or payment of tax to the extent that any error or delay in payment

of the tax is attributable to the erroneous or dilatory performance of a ministerial act by an officer or employee of the Commissioner and the taxpayer caused no significant aspect of the delay. Sec. 6404(e)(1). A ministerial act is a procedural or mechanical act <u>that does not involve the exercise of judgment or discretion</u> by the Commissioner. Sec. 301.6404-2T(b)(1), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 30163 (Aug. 13, 1987).

In 1996 Congress amended section 6404(e)(1) to permit abatement of interest that accrues as a result of an "unreasonable" error or delay in performing a ministerial or "managerial" act. Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 301(a), 110 Stat. 1457 (1996). The 1996 amendment applies to deficiencies or payments for tax years beginning after July 30, 1996. <u>Id.</u> sec. 301(c), 110 Stat. 1457. A decision concerning the application of Federal or State law is not a managerial act. Sec. 301.6404-2(b)(1), Proced. & Admin. Regs.

Petitioner has failed to show that there was an erroneous or dilatory performance of a ministerial act or an unreasonable error or delay by respondent in performing a ministerial or managerial act.

<u>Collection Alternatives</u>

The Appeals officer stated in the notice of determination that she examined all collection alternatives. Petitioner's

collection alternatives are limited because he has assets that are more than sufficient to fully pay his outstanding tax liability. The parties agree, however, that petitioner's current living expenses exceed his income, making an installment agreement inappropriate.

A taxpayer may request that his Federal income tax liability be designated as currently not collectible where, on the basis of the taxpayer's assets, equity, income, and expenses, he has no apparent ability to make payments on the outstanding tax liability. Foley v. Commissioner, T.C. Memo. 2007-242. Although petitioner's income was not sufficient to meet his stated monthly living expenses, he has funds in an individual retirement account and equity in his personal residence that are worth a multiple of his tax liability. His account cannot, therefore, be considered currently not collectible.

If the liability of a taxpayer can be collected in full but would create an economic hardship, the Commissioner can consider an offer-in-compromise (OIC) to promote effective tax administration. Sec. 301.7122-1(b)(3), Proced. & Admin. Regs.; Internal Revenue Manual (IRM) pt. 5.8.11.2.1(1) (Sept. 1, 2005). Among the factors to be considered in making an economic hardship determination are whether the taxpayer is incapable of earning a living and whether he is unable to borrow against equity in his assets. Id. pt. 5.8.11.2.1(6). The existence of economic

hardship, however, does not require that an OIC be accepted.  Id. pt. 5.8.11.2.1(10).  Further, tax liabilities associated with abusive tax avoidance transactions will not generally be compromised under effective tax administrative procedures.  Id. pt. 5.8.11.2.2.

Petitioner has presented no other possible alternatives.

Abuse of Discretion

The issue for the Court to decide is whether respondent abused his discretion in determining to pursue the intended collection action.

An abuse of discretion is a decision based on an erroneous conclusion of law or where the record contains no evidence on which a decision could rationally have been based.  Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975).  Because petitioner did not present viable alternatives to collection, the Court finds that respondent's determination to pursue the intended collection action was not an abuse of discretion.

To reflect the foregoing,

Decision will be entered
for respondent.