Filed 10/15/21  David Allen etc. v. Gentry CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DAVID ALLEN, A PROFESSIONAL LAW CORPORATION, d.b.a. DAVID ALLEN & ASSOCIATES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>KELSA GENTRY et al.,<br><br>    Defendants and Respondents. | A160180<br><br>(Solano County Super. Ct. No. FCS050830) |

Plaintiff and appellant David Allen ("appellant") appeals from the trial court's grant of summary judgment in favor of defendants and respondents Kelsa Gentry ("Gentry") and the Veen Firm ("Veen").  We affirm.

Gentry was seriously injured in a November 2013 car accident that left her confined to a wheelchair.  It is undisputed that the driver who caused the accident was an attorney employed by Bradford & Barthel, LLP ("Bradford & Barthel") and that he was driving to a court appearance at the time of the accident.  After the accident, Gentry's mother retained appellant to represent Gentry in seeking compensation for Gentry's injuries.  Gentry's mother signed a "Personal Injury Retainer Agreement" prepared by appellant (the "Retainer").  Subsequently, Gentry signed the Retainer.

1

Appellant determined that the driver was covered by a $100,000 insurance policy and that his employer Bradford & Barthel was covered by a $5 million policy. Appellant and the attorney retained by the law firm's insurer both believed the insurance company would be willing to settle for the $5 million policy limit, but appellant made no such demand on behalf of Gentry, and the insurance company never actually made that offer. Gentry told appellant that a settlement at the policy limit was unacceptable.

The Retainer contained a provision stating, "I agree this Agreement may be terminated by either Attorney or me. In the event of termination I realize I will be responsible for the expenses incurred and for the value of the services provided. I agree the services will be valued at $275 per hour for attorneys, $150 per hour for legal assistants and paralegals and $50 per hour for all other persons who work on my case." Neither Gentry nor her mother were told that appellant would seek a different measure of fees if Gentry terminated the Retainer.

In May 2014, Gentry terminated the Retainer and retained Veen to prosecute her claim. Veen filed suit on behalf of Gentry against the driver and Bradford & Barthel in June 2014. In March 2017, the case settled for $6.1 million. Appellant's accounting showed it was entitled to $74,350 if fees were calculated under the termination provision of the Retainer. Nevertheless, appellant filed an action against Gentry and Veen seeking a greater fee award based on an allegation that Bradford & Barthel's insurer "was prepared to tender the [$5,000,000.00] policy" before Gentry terminated the Retainer.

Appellant's January 2018 First Amended Complaint asserted causes of action for declaratory relief, quantum meruit recovery, and foreclosure of an attorney fees lien. The quantum meruit cause of action stated, "[Appellant]

2

performed and rendered legal services on behalf of [Gentry], and its efforts placed [Gentry] in a position to receive tenders of settlement [of] at least $5,100,000.00 prior to May 7, 2014. [Gentry] received $900,000.00 in additional settlement funds as a result of [Veen's] legal representation and efforts. . . . [Appellant] claims it is entitled to the reasonable value of its services, with interest thereon, from and after the date that such settlement payments were received by Gentry and/or [Veen]. . . ."

Respondents moved for summary judgment and the trial court found in their favor, concluding, "Unlike in a number of the cases cited by plaintiff, the parties in the present case clearly expressed their expectation as to payment for the reasonable value of the services of [appellant] should [Gentry] terminate the contract, as she did. The parties agreed to payment based on the time spent multiplied by the hourly rate of every person who worked on the case, and no more. [Citation.] Therefore, the court may find, as a matter of law, that [appellant] is entitled to this amount only." In March 2020, the court entered judgment in favor of respondents; the judgment also states that appellant "is entitled to recover $74,350.00 as a matter of law."

On appeal, appellant contends the Retainer became "null and void" when Gentry terminated the agreement and, therefore, appellant was entitled to the reasonable value of its services without reference to the Retainer's termination provision. However, appellant cites no authority that termination of the agreement rendered the language in the termination provision unenforceable. "To 'terminate' a contract . . . means to abrogate so much of it as remains unperformed, thereby doing away with the existing agreement upon the terms and with the consequences agreed upon." (*Grant v. Aerodraulics Co.* (1949) 91 Cal.App.2d 68, 75; accord 1 Witkin, Summary of Cal. Law (11th ed. 2017) Contracts, § 955, pp. 1007–1008.) In the present

3

case, the parties agreed that "[i]n the event of termination," respondent Gentry "will be responsible for the expenses [i]ncurred and for the value of the services provided" at specified hourly rates. That agreement specifying the consequences of termination is enforceable. (See *W. Camps, Inc. v. Riverway Ranch Enterprises* (1977) 70 Cal.App.3d 714, 727 [enforcing termination provision]; *Lunden v. Los Angeles Cty.* (1965) 233 Cal.App.2d 811, 817 [same]; *Martter v. Byers* (1946) 75 Cal.App.2d 375, 382 [same]; see also 13 Corbin on Contracts (rev. ed. 2003) § 67.2, p. 12 ["the rights of the parties with respect to performances rendered or a breach committed before the [termination] notice became operative depends upon the provisions of the 'terminated' contract"].) Appellant cites no authority to the contrary.

In support of its position, appellant primarily relies upon the decision in *Fracasse v. Brent* (1972) 6 Cal.3d 784. There, the California Supreme Court held a discharged attorney was limited to "quantum meruit recovery for the reasonable value of his services," rather than "the full fee specified in the contract of employment." (*Id.* at p. 786.) Contrary to appellant's suggestion, the *Fracasse* court did not state that discharge of an attorney renders the retainer agreement with that attorney void and unenforceable for all purposes. Instead, the court simply reasoned that to allow the attorney to collect the full fee would be contrary to "the strong policy, expressed both judicially and legislatively, in favor of the client's absolute right to discharge his attorney at any time." (*Ibid.*) The court rejected the attorney's request to enforce the retainer's contingency fee provision to recover *more* than the attorney would be entitled to recover under quantum meruit principles. Nothing in *Fracasse* supports appellant's attempt in the present case to rely

4

on quantum meruit to obtain greater compensation upon termination of the Retainer than it expressly agreed to.[1]

The Retainer's termination provision is clear and, even if it were ambiguous, the ambiguity would be resolved against appellant, who drafted the Retainer.  (*M'Guinness v. Johnson* (2015) 243 Cal.App.4th 602, 617–618.)  Appellant has not shown the trial court erred in limiting its fees to the measure of fees specified in the Retainer's termination provision.

DISPOSITION

The trial court's judgment is affirmed.  Respondents shall recover their costs on appeal.

---

[1] Neither do the additional cases appellant cites support its position on appeal.  Those cases address void or voidable agreements (*Fergus v. Songer* (2007) 150 Cal.App.4th 552, 570; *Guthman v. Moss* (1984) 150 Cal.App.3d 501, 507) or discuss quantum meruit recovery without addressing circumstances analogous to those in the present case (*Joseph E. Di Loreto, Inc. v. O'Neill* (1991) 1 Cal.App.4th 149, 156–157; *Cazares v. Saenz* (1989) 208 Cal.App.3d 279, 287–288; *Spires v. Am. Bus Lines* (1984) 158 Cal.App.3d 211, 216–17; *Lessing v. Gibbons* (1935) 6 Cal.App.2d 598, 607).

_____
SIMONS, J.

We concur.

_____
JACKSON, P. J.

_____
NEEDHAM, J.

(A160180)